**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*if known*): _____ Chapter **11**

❑ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. Debtor's name | **Pet Source, LLC** |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   **Pet Source**

3. **Debtor's federal Employer Identification Number** (EIN)

   8 3 _ 1 1 4 1 9 0 5

4. **Debtor's address**

   **Principal place of business**

   **8450 City Centre Drive**
   Number    Street

   **Woodbury    Minnesota  55125**
   City    State    ZIP Code

   **Washington**
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City    State    ZIP Code

5. **Debtor's website** (URL)    **(none)**

Debtor     **Pet Source, LLC**         Case number *(if known)*_____
      Name

| | |
|---|---|
| **6.  Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding  LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7.  Describe debtor's business** | A. *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | _4539_ _ _ _ _ _ |

| | |
|---|---|
| **8.  Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. *Check **all** that apply:* |
| |    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |    ☐ A plan is being filed with this petition. |
| |    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| |    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor     **Pet Source, LLC**
_____     Case number (if known) _____
           Name

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY

         District _____   When _____   Case number _____
                                              MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor     **See attached Schedule 1**_____   Relationship   **Affiliate**_____

         District _____   When   _____
                                                                   MM / DD / YYYY

         Case number, if known   _____

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____

                          _____   _____
                          City                                   State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name   _____

        Phone   _____

---

| | **Statistical and administrative information** |
|---|---|

---

Debtor    **Pet Source, LLC**
_____    Case number (*if known*)_____
Name

---

**13. Debtor's estimation of available funds (on a consolidated basis)**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **02/05/2023**
_____
MM / DD / YYYY

✗    **/s/ Stephen Coulombe**
_____    **Stephen Coulombe**
_____
Signature of authorized representative of debtor    Printed name

Title    **Co-Chief Restructuring Officer**
_____

---

Debtor    **Pet Source, LLC**          Case number *(if known)*_____
Name

| | | | |
|---|---|---|---|
| **18. Signature of attorney** | ✗   */s/ Andrew L. Magaziner* | Date | **02/05/2023** |
| | Signature of attorney for debtor | | MM / DD / YYYY |

         **Andrew L. Magaziner**

Printed name

         **Young Conaway Stargatt & Taylor, LLP**

Firm name

         **Rodney Square, 1000 North King Street**

Number      Street

         **Wilmington**                **Delaware**    **19801**

City                                               State         ZIP Code

         **(302) 571-6600**                 **amagaziner@ycst.com**

Contact phone                                        Email address

         **No. 5426**                         **Delaware**

Bar number                                      State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Independent Pet Partners Holdings, LLC.

| |
|---|
| Independent Pet Partners Holdings, LLC |
| Independent Pet Partners Intermediate Holdings I, LLC |
| Independent Pet Partners Intermediate Holdings II, LLC |
| Independent Pet Partners Employer Holdings, LLC |
| Independent Pet Partners Employer, LLC |
| Independent Pet Partners Intermediate Holdings, LLC |
| IPP – Stores, LLC |
| IPP Stores Employer, LLC |
| Especially for Pets, LLC |
| Pet Life, LLC |
| Whole Pet Central, LLC |
| Natural Pawz, LLC |
| Pet Source, LLC |

INDEPENDENT PET PARTNERS HOLDINGS, LLC
INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS I, LLC
INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS II, LLC
INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS, LLC
IPP - STORES, LLC
PET LIFE, LLC
ESPECIALLY FOR PETS, LLC
WHOLE PET CENTRAL, LLC
NATURAL PAWZ, LLC
PET SOURCE, LLC
IPP STORES EMPLOYER, LLC
INDEPENDENT PET PARTNERS EMPLOYER HOLDINGS, LLC
INDEPENDENT PET PARTNERS EMPLOYER, LLC

**OMNIBUS WRITTEN CONSENT**

February 5, 2023

The undersigned, being all of the members of the independent committee of the board of managers or members of the boards of managers, or the managing member, as applicable (each, a "Governing Body"), of each entity set forth above (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions by written consent (these "Resolutions") pursuant to such company's limited liability company agreement and the Delaware Limited Liability Company Act, as amended:

**WHEREAS**, on February 3, 2023, the Board of Managers ("IPP Board") of Independent Pet Partners Holdings, LLC ("IPP"): (i) formed an independent committee of the IPP Board (the "Independent Committee"); (ii) appointed Jill Frizzley as the sole member of the Independent Committee; and (iii) delegated to the Independent Committee the authority to, on behalf of the IPP Board, and as the Independent Committee deems appropriate or desirable in its discretion, among other things, adopt these Resolutions on behalf of the IPP Board and bind IPP;

**WHEREAS**, the Governing Body of each Company has reviewed the materials presented by, or on behalf of, such Company's management (such Company's "Management") and its financial, legal, and other advisors (collectively, such Company's "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of such Company, the strategic alternatives available to such Company, and the impact of the foregoing on such Company's business and the business of such Company's affiliates;

**WHEREAS**, the Governing Body of each Company has had adequate opportunity to consult with its Management and Advisors regarding the materials presented, to obtain additional information and to fully consider each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, after consultation with its Management and its Advisors, has determined that it is in the best interests of such Company to conduct a sale process pursuant to section 363 of chapter 11 of title 11 of the United States Code, §§ 101-1532, *et seq.* (the "Bankruptcy Code") and to sell certain of its assets to one or more potential bidders (the "Sale Transaction");

**WHEREAS**, after reviewing indications of interest submitted by interested bidders, the Governing Body of each Company, with the assistance of the such Company's Advisors, reviewed and negotiated an asset purchase agreement (as amended, modified, or supplemented, the "Stalking Horse APA") with IPP Buyer Acquisition, LLC, a Delaware limited liability company (the "Stalking Horse Bidder"), to purchase 66 of the Companies' stores (collectively, the "Go-Forward Stores") and certain of the Companies' assets required to run the Go-Forward Stores, including, among other things, the Go-Forward Stores' leases, inventory, accounts receivable, intellectual property, customer programs, and tangible personal property (collectively with the Go-Forward Stores, the "Go-Forward Business");

**WHEREAS**, the Governing Body of each Company has determined that the Stalking Horse APA is fair and reasonable and will not discourage competitive bidding in connection with the Sale Transaction; and

**WHEREAS**, the Companies have previously been granted authority to enter into a consulting agreement (the "Consulting Agreement"), and have entered into the Consulting Agreement, with B. Riley Retail Solutions, LLC ("B. Riley"), to represent and assist the Companies in conducting store closure sales (the "Store Closing Sales")at the Companies' stores that are not part of the Go-Forward Business (collectively, the "Closing Stores"); and

**WHEREAS**, the Governing Body of each Company has determined, in the judgement of such Governing Body, that the following resolutions, as applicable, are advisable and in the best interests of such Company, its interest holders, its subsidiaries (if any), its creditors, and other parties in interest.

## Chapter 11 Cases

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of each Company and its creditors, and other parties in interest, that such Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, §§ 101-1532, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**BE IT FURTHER RESOLVED**, that Charlie Reeves and Steve Coulombe, in their respective capacities as Co-Chief Restructuring Officer (each a "Co-CRO"), and Julie Maday, in her capacity as Chief Executive Officer (the "Authorized Persons"), are authorized, empowered, and directed, in the name of and on behalf of each Company to execute, verify and file all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefore and to obtain debtor-in-possession financing, and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with each of the Company's chapter 11 cases, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof.

**Debtor in Possession Financing**

      **BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of  each Company to enter into a senior secured, superpriority, priming debtor in possession credit facility pursuant to the terms of the *Senior Secured Superpriority Priming Debtor-in-Possession Credit Agreement*, containing the terms substantially consistent with those presented to the Board (the "DIP Credit Facility"), and negotiate, execute, and file any related motions, documents, or instruments, each on terms and conditions agreed to by each Company and the lenders and such other terms as are customary for similar debtor-in-possession facilities and to cause each Company to grant a security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby.

**Sale Process and Bidding Procedures Motion**

      **BE IT FURTHER RESOLVED**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to (i) file a motion (the "Bidding Procedures Motion") with the Bankruptcy Court to request, among other things, the Bankruptcy Court's approval of (a) the Sale Transaction, (b) the continuation of a marketing and sale process in the chapter 11 cases for the Go-Forward Business and the Closing Stores (the "Sale Process"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Bidding Procedures Motion (such bidding procedures, in the form approved by the Bankruptcy Court, the "Bidding Procedures"), including a request for approval of the reimbursement of the Stalking Horse Bidder's expenses on the terms set forth in the Stalking Horse APA, (ii) execute and deliver the Stalking Horse APA, and (iii) commence and implement the Sale Process.

      **BE IT FURTHER RESOLVED**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to take any and all other actions as they may deem necessary or advisable to implement the Sale Process as contemplated by the Bidding Procedures.

**Retention of Advisors**

      **BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ the law firm of McDonald Hopkins LLC as general bankruptcy counsel to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of McDonald Hopkins LLC.

      **BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ

the firm of Young Conaway Stargatt & Taylor, LLP as co-counsel to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Young Conaway Stargatt & Taylor, LLP.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ Charlie Reeves and Steve Coulombe of Berkeley Research Group, LLC to provide Co-CRO services and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Charlie Reeves, Steve Coulombe, and certain additional personnel employed by Berkeley Research Group, LLC.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ the firm of Houlihan Lokey Capital, Inc. as financial advisor and investment banker to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Houlihan Lokey Capital, Inc.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ the firm of Omni Agent Solutions as notice, claims, and balloting agent to assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Omni Agent Solutions.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to continue the Store Closing Sales; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases (and to replenish said retainers as necessary to maintain the same)

and cause to be executed and filed an appropriate motion with the bankruptcy court for authority to assume the Consulting Agreement, as applicable.

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ any other professionals, including attorneys, accountants, financial advisors, investment bankers, and tax advisors, necessary to assist the Companies in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 cases, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary.

## Other Authorizations and Ratification

**BE IT FURTHER RESOLVED**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to take any and all other actions as they may deem necessary or advisable to, in each Company's capacity as stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner, or member of any of the Companies to cause such Companies to execute, deliver, and perform any of the actions contemplated with respect to the chapter 11 cases and these Resolutions or the transactions contemplated hereby.

**BE IT FURTHER RESOLVED**, that all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by any Authorized Person or any director, employee, legal counsel, or other representative of or advisor to the Companies, in the name and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

**BE IT FURTHER RESOLVED**, that this Written Consent may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned have duly executed this written consent as of the date first above written.

**INDEPENDENT PET PARTNERS HOLDINGS, LLC:**

INDEPENDENT COMMITTEE OF THE
BOARD OF MANAGERS**:**

_____
Name: Jill Frizzley, Manager

**INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS I, LLC:**

MEMBER**:**

**INDEPENDENT PET PARTNERS
HOLDINGS, LLC**


By:    _____
Name: Julie Maday
Title:   Chief Executive Officer

**INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS II, LLC:**

MEMBER**:**

**INDEPENDENT PET PARTNERS
HOLDINGS I, LLC**


By:    _____
Name: Julie Maday
Title:   Chief Executive Officer

Signature Page to Authorizing Written Consent

**IN WITNESS WHEREOF**, the undersigned have duly executed this written consent as of the date first above written.

**INDEPENDENT PET PARTNERS HOLDINGS, LLC:**

<u>INDEPENDENT COMMITTEE OF THE BOARD OF MANAGERS</u>**:**

_____
Name: Jill Frizzley, Manager

**INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS I, LLC:**

<u>MEMBER</u>**:**

**INDEPENDENT PET PARTNERS HOLDINGS, LLC**

By: _____
Name: Julie Maday
Title:  Chief Executive Officer

**INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS II, LLC:**

<u>MEMBER</u>**:**

**INDEPENDENT PET PARTNERS HOLDINGS I, LLC**

By: _____
Name: Julie Maday
Title:  Chief Executive Officer

**INDEPENDENT PET PARTNERS INTERMEDIATE HOLDINGS, LLC:**

MEMBER**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS II, LLC**

By:   _____
Name: Julie Maday
Title:   Chief Executive Officer

**IPP - STORES, LLC:**

_____
Name: Julie Maday, Manager

**PET LIFE, LLC:**

MEMBER**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS, LLC**

By:   _____
Name: Julie Maday
Title:   Chief Executive Officer

**ESPECIALLY FOR PETS, LLC:**

MEMBER**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS, LLC**

By:   _____
Name: Julie Maday
Title:   Chief Executive Officer

Signature Page to Authorizing Written Consent

**WHOLE PET CENTRAL, LLC:**

<u>MEMBER</u>**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS, LLC**

By: _____
Name: Julie Maday
Title:   Chief Executive Officer


**NATURAL PAWZ, LLC:**

<u>MEMBER</u>**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS, LLC**

By: _____
Name: Julie Maday
Title:   Chief Executive Officer


**PET SOURCE, LLC:**

<u>MEMBER</u>**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS, LLC**

By: _____
Name: Julie Maday
Title:   Chief Executive Officer


Signature Page to Authorizing Written Consent

**IPP STORES EMPLOYER, LLC:**

MEMBER**:**

**IPP – STORES, LLC**

By: _____
Name: Julie Maday
Title:   Chief Executive Officer

**INDEPENDENT PET PARTNERS EMPLOYER HOLDINGS, LLC:**

MEMBER**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS II, LLC**

By: _____
Name: Julie Maday
Title:   Chief Executive Officer

**INDEPENDENT PET PARTNERS EMPLOYER, LLC:**

MEMBERS**:**

**INDEPENDENT PET PARTNERS
INTERMEDIATE HOLDINGS II, LLC**

By: _____
Name: Julie Maday
Title:   Chief Executive Officer

**INDEPENDENT PET PARTNERS
EMPLOYER HOLDINGS, LLC**

By: _____
Name: Julie Maday
Title:   Chief Executive Officer

Signature Page to Authorizing Written Consent

| Debtor name | **Independent Pet Partners Holdings, LLC , et al.** |
|---|---|

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   ADMC<br>7900 97th St S<br>Cottage Grove, MN 55016 | ADMC<br>Tel: 651-451-1349<br>Email:<br>Accounts.Receivable@admcmn.com | Trade Debts | | | | $4,088,689.73 |
| 2   Pet Food Experts<br>P.O. Box 8<br>Pawtucket, RI 02862 | Pet Food Experts<br>Tel: 800-637-7338 ext 3012<br>Email: receivables@petfoodexperts.com | Trade Debts | | | | $3,095,051.93 |
| 3   Supreme Pet Supplies<br>P.O. Box 22629<br>Houston, TX 77227 | Supreme Pet Supplies<br>Tel: 713-688-4530<br>Email: dmarx@supremepet.com | Trade Debts | | | | $674,714.41 |
| 4   Tuffy's Pet Foods, Inc<br>145 1st Ave N<br>Perham, MN 56573 | Tuffy's Pet Foods, Inc<br>Tel: 218-346-7500<br>Email: bschepper@klnfamilybrands.com | Trade Debts | | | | $361,580.83 |
| 5   Tall Tails<br>172 S Broadway<br>White Plains, NY 10605 | Tall Tails<br>Tel: 937-222-2132 ext 2<br>Email: talltails@3tbrands.com | Trade Debts | | | | $298,605.63 |
| 6   General Pet Supply<br>7711 N 81st St<br>P.O. Box 245031<br>Milwaukee, WI 53224-9531 | General Pet Supply<br>Tel: 800-233-4738<br>Email: arcontact@generalpet.com | Trade Debts | | | | $275,157.06 |

Debtor name  **Independent Pet Partners Holdings, LLC**

Case No. (If known)

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  Hill's Pet Nutrition<br>P.O. Box 842257<br>Dallas, TX 75284 | Hill's Pet Nutrition<br>Tel: 800-255-2403 ext 2139<br>Email: Cash_Application@Hillspet.com | Trade Debts | | | | $250,331.72 |
| 8  Newco<br>10700 7th St<br>Rancho Cucamonga, CA 91729 | Newco<br>Tel: 909-291-2240<br>Email: ar@newcodistributors.com | Trade Debts | | | | $230,241.31 |
| 9  Deloitte & Touche<br>P.O. Box 844708<br>Dallas, TX 75284 | Deloitte & Touche<br>Email: deloittepayments@deloitte.com | Professional Services | | | | $228,900.00 |
| 10  Pet Palette<br>1332 Londontown Blvd, Ste 230<br>Sykesville, MD 21784 | Pet Palette<br>Tel: 410-795-4444<br>Email: Accounting@petpalette.com | Trade Debts | | | | $216,952.51 |
| 11  ServiceChannel.com Inc<br>P.O. Box 7410571<br>Chicago, IL 60674 | ServiceChannel.com Inc<br>Tel: 718-484-1046<br>Email: ar@servicechannel.com | Trade Debts | | | | $151,018.89 |
| 12  Middlewest Distributors<br>1195 Atlantic Dr<br>West Chicago, IL 60185 | Middlewest Distributors<br>Tel: 630-876-8990<br>Email: cindi@middlewestpet.com | Trade Debts | | | | $136,827.62 |
| 13  Zeigler's Distribution, Inc<br>27 Lebanon Valley Pkwy<br>Lebanon, PA 17042 | Zeigler's Distribution, Inc<br>Tel: 800-282-9200<br>Email: accounting@zeiglersdist.com | Trade Debts | | | | $131,322.87 |

Debtor name **Independent Pet Partners Holdings, LLC**

Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14  Central Pet (East)<br>401 Cabot Dr, Ste A<br>Hamilton, MA 01775 | Central Pet (East)<br>Tel: 212-210-4112<br>Email: cashapp@central.com | Trade Debts | | | | $120,268.06 |
| 15  Chasing Our Tails<br>P.O. Box 368<br>Walnut Grove, MN 56180 | Chasing Our Tails<br>Email: Steve@chasingourtails.com | Trade Debts | | | | $120,045.37 |
| 16  Phillips Pet Food & Supplies - Phido<br>3747 Hecktown Rd<br>Easton, PA 18045 | Phillips Pet Food & Supplies - Phido<br>Email: payments@phillipspet.com | Trade Debts | | | | $102,948.83 |
| 17  University of Denver<br>2199 S University Blvd<br>Denver, CO 80210 | University of Denver | Trade Debts | | | | $91,663.00 |
| 18  Westerns<br>106 S Broadway<br>P.O. Box 38<br>La Salle, MN 56056 | Westerns<br>Tel: 507-327-7843<br>Email: jadestaus@gmail.com | Trade Debts | | | | $85,841.00 |
| 19  Central Pet (West)<br>401 Cabot Dr, Ste A<br>Hamilton, MA 01775 | Central Pet (West)<br>Tel: 212-210-4112<br>Email: cashapp@central.com | Trade Debts | | | | $82,274.45 |
| 20  Uber Technologies Inc<br>1455 Market St, 4th Fl<br>San Francisco, CA 94103 | Uber Technologies Inc<br>Email: remittance@uber.com | Trade Debts | | | | $82,047.47 |

Debtor name  **Independent Pet Partners Holdings, LLC**

Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  Aramark (28050)<br>Aus North Lockbox<br>P.O. Box 28050<br>New York, NY 10087-8050 | Aramark (28050)<br>Email:<br>AUS_RemitInfo@uniform.aramark.com | Trade Debts | | | | $74,290.13 |
| 22  American Express Credit Card<br>P.O. Box 0001<br>Los Angeles, CA 90096-8000 | American Express Credit Card<br>Email: cpc.rec.group@aexp.com | Trade Debts | | | | $73,969.66 |
| 23  Buxton<br>2651 S Polaris Dr<br>Ft Worth, TX 76137 | Buxton<br>Email: accountsreceivable@buxtonco.com | Trade Debts | | | | $69,390.26 |
| 24  Innovative Office Solutions<br>Lockbox, Apt 131434<br>P.O. Box 1414<br>Minneapolis, MN 55480 | Innovative Office Solutions<br>Email: ar@innovativeos.com | Trade Debts | | | | $62,632.90 |
| 25  KWI<br>2200 Northern Blvd, Ste 102<br>Greenvale, NY 11548 | KWI<br>Email:<br>ACCOUNTSRECEIVABLE@KWI.COM | Trade Debts | | | | $61,252.00 |
| 26  Wild Meadow Farms LLC<br>1080 Enterprise Ct, Ste C<br>Nokomis, FL 34275 | Wild Meadow Farms LLC<br>Email: Dawn@Wildmeadowfarms.com | Trade Debts | | | | $47,465.61 |
| 27  RC Pet Products<br>550 E Kent Ave S<br>Vancouver, BC V5X 4V6<br>Canada | RC Pet Products<br>Email: eft@rcpets.com | Trade Debts | | | | $44,701.22 |

Debtor name **Independent Pet Partners Holdings, LLC**

Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  Xcel Energy<br>P.O. Box 9477<br>Minneapolis, MN 55484 | Xcel Energy<br>Tel: 800-481-4700 | Trade Debts | | | | $43,867.20 |
| 29  Preppy Puppy<br>2380 Cranberry Hwy, Unit 3<br>W Wareham, MA 02576 | Preppy Puppy<br>Email: bwoodis@Preppypuppy.net | Trade Debts | | | | $40,611.03 |
| 30  Front Row Digital<br>7840 Computer Ave<br>Minneapolis, MN 55435 | Front Row Digital<br>Email: DigitalAR@teamfrontrow.com | Trade Debts | | | | $39,933.56 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| INDEPENDENT PET PARTNERS | ) |
| HOLDINGS, LLC, *et al.*,[1] | ) Case No. 23-_____ (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

### CONSOLIDATED CORPORATE OWNERSHIP
### STATEMENT AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1.      A list of the equity interest holders of Debtor Independent Pet Partners Holdings, LLC, along with the nature of their equity interests, is attached hereto as **Exhibit A**.

2.      Debtor Independent Pet Partners Intermediate Holdings I, LLC, whose address is 8450 City Centre Dr., Woodbury, MN 55125, is 100% owned by Debtor Independent Pet Partners Holdings, LLC, whose address is also 8450 City Centre Dr., Woodbury, MN 55125.

3.      Debtor Independent Pet Partners Intermediate Holdings II, LLC, whose address is 8450 City Centre Dr., Woodbury, MN 55125, is 100% owned by Debtor Independent Pet Partners Intermediate Holdings I, LLC.

4.      Debtors Independent Pet Partners Employer Holdings, LLC and Independent Pet Partners Intermediate Holdings, LLC, whose address is 8450 City Centre Dr.,

---

[1]      The Debtors in these chapter 11 cases, along with each Debtor's federal tax identification number, are: Independent Pet Partners Holdings, LLC (5913), Independent Pet Partners Intermediate Holdings I, LLC (4827), Independent Pet Partners Intermediate Holdings II, LLC (7550), Independent Pet Partners Employer Holdings, LLC (6785), Independent Pet Partners Employer, LLC (7531), Independent Pet Partners Intermediate Holdings, LLC (8793), IPP - Stores, LLC (6147), IPP Stores Employer, LLC (0847), Especially For Pets, LLC (6801), Pet Life, LLC (3420), Whole Pet Central, LLC (7833), Natural Pawz, LLC (5615), and Pet Source, LLC (1905). The corporate headquarters and the mailing address for the Debtors is 8450 City Centre Dr., Woodbury, MN 55125.

Woodbury, MN 55125, are each 100% owned by Debtor Independent Pet Partners Intermediate Holdings II, LLC.

5.       Debtor Independent Pet Partners Employer, LLC, whose address is 8450 City Centre Dr., Woodbury, MN 55125, is 99% owned by Debtor Independent Pet Partners Intermediate Holdings II, LLC and 1% owned by Debtor Independent Pet Partners Employer Holdings, LLC.

6.       The following Debtors, each of whose address is 8450 City Centre Dr., Woodbury, MN 55125, are 100% owned by Debtor Independent Pet Partners Intermediate Holdings, LLC:

      a.   IPP – Stores, LLC

      b.   Pet Life, LLC

      c.   Especially for Pets, LLC

      d.   Whole Pet Central, LLC

      e.   Natural Pawz, LLC

      f.   Pet Source, LLC

7.       Debtor IPP Stores Employer, LLC, whose address is 8450 City Centre Dr., Woodbury, MN 55125, is 100% owned by Debtor IPP Stores, LLC.

## EXHIBIT A

List of Independent Pet Partners Holdings, LLC's Equity Interest Holders[1]

| Equity Holder | Number and Nature of Interests[2] |
|---|---|
| TGP Independent Pet Partners, L.P.<br>301 Commerce Street, Suite 3300<br>Fort Worth, TX 76102 | Class B Preferred Units – 20,000,000<br><br>Class A Preferred Units – 130,390,616 |
| Cold Nose Acquisition Partners LLC<br>8450 City Centre Drive<br>Woodbury, MN 55125 | Class B Preferred Units – 1,008,403<br><br>Class A Preferred Units – 7,134,926 |
| Michael Foss | Class A Preferred Units – 1,228,666<br><br>Class P Profits Units – 750,000 |
| Michael DiTullio | Class A Preferred Units – 1,228,666<br><br>Class P Profits Units – 250,000 |
| Rivan Pty Limited (as trustee for the David Gordon Superannuation Fund)<br>Baskin Clark Level 14, Tower 12<br>101 Grafton St<br>Bondi Junction, Sydney, AS NSW 2022, Australia | Class A Preferred Units – 1,007,687.82 |

---

[1]  This list serves as the disclosure required to be made by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Debtors' chapter 11 cases.

[2]  In addition to the classes of interests listed herein, the company maintains a program through which certain employees and other service providers are awarded, subject to various vesting terms, profit-based equity interests ("Profits Units") in Debtor Independent Pet Partners Holdings, LLC in exchange for services provided (or anticipated to be provided) to or for the benefit of the Debtors.  The inclusion of a holder of Profits Units on this list indicates that the holder holds 10% or more of the Profits Units in one or more classes of Profits Units. However, the holder may not hold 10% or more of the Profits Units in each class listed.

Notwithstanding the inclusion of a holder of Profits Units on this list, the Profits Units specified herein may not have yet vested in the unitholder.  The inclusion of any Profits Units in this list shall not be considered a statement by the Debtors that the Profits Units have vested in the individual holder of the Profits Units, and the terms of any agreement governing vesting of the Profits Units shall continue to govern whether the Profits Units have vested.

| Equity Holder | Number and Nature of Interests[2] |
|---|---|
| Melissa and Richard Karam | Class A Preferred Units – 491,466 |
| Main Street Equity Interests, Inc.<br>1300 Post Oak Blvd., Suite 800<br>Houston, TX 77056 | Class C Preferred Units – 4,102,735.55<br><br>Class B-2 Preferred Units - 4,102,735.55<br><br>Class A Preferred Units – 1,558,333.33 |
| MSC Equity Holdings, LLC (f/k/a HMS Equity Holdings, LLC)<br>2800 Post Oak Blvd., Suite 800<br>Houston, TX 77056 | Class C Preferred Units – 3,137,385.99<br><br>Class B-2 Preferred Units –  3,137,386<br><br>Class A Preferred Units – 1,191,666.67<br><br>Warrants – 185,757 |
| 34th Street Funding, LLC<br>3 Park Avenue, 36th Floor<br>New York, NY 10016 | Class C Preferred Units – 2,356,443.70<br><br>Class B-2 Preferred Units –  2,356,443.70 |
| Main Street Capital Corporation<br>1300 Post Oak Blvd., Suite 800<br>Houston, TX 77056 | Warrants – 242,913.73 |
| NCP III Aggregator, L.P.<br>3693 Maple Avenue, Suite 100<br>Dallas, TX 75219 | Class C Preferred Units – 7,953,854.75<br><br>Class B-2 Preferred Units – 7,953,854.76<br><br>Class B Preferred Units – 460,155.81<br><br>Class A Preferred Units – 3,000,000<br><br>Warrants – 481,979 |

| Equity Holder | Number and Nature of Interests[2] |
|---|---|
| CION Investment Corporation<br>3 Park Avenue, 36th Floor<br>New York, NY 10016 | Class C Preferred Units – 276,327.77<br><br>Class B-2 Preferred Units – 276,327.78<br><br>Class A Preferred  Units – 1,000,000<br><br>Warrants – 155,880.27 |
| Ken Grouf | Class A Preferred Units – 1,300,000 |
| Grouf GST Trust<br>533 23rd Street<br>Santa Monica, CA 90402 | Class A Preferred Units – 300,000 |
| Bradley A. Kriser Trust dated July 1, 1989 | Class A Preferred Units – 1,138,335 |
| Matthew N. Kriser | Class A Preferred Units – 271,032 |
| Daniel C. Kriser Trust DTD 11/8/2006 | Class A Preferred Units – 271,032 |
| Jeffrey David | Class P-A Profits Units – 2,803,272<br><br>Class P-B Profits Units – 230,000<br><br>Class P-C Profits Units – 103,000 |
| Tricia Nichols | Class P Profits Units – 250,000<br><br>Class P-A Profits Units – 1,325,000<br><br>Class P-B Profits Units – 185,000<br><br>Class P-C Profits Units – 850,000 |
| Brian Murphy | Class P Profits Units – 1,000,000<br><br>Class P-A Profits Units – 1,725,000<br><br>Class P-B Profits Units – 415,000<br><br>Class P-C Profits Units – 190,000 |

| Equity Holder | Number and Nature of Interests[2] |
|---|---|
| Julie Maday | Class P Profits Units – 950,000<br><br>Class P-A Profits Units – 1,300,000<br><br>Class P-B Profits Units – 372,000<br><br>Class P-C Profits Units – 169,000 |

**Fill in this information to identify the case and this filing:**

Debtor Name    **Pet Source, LLC**

United States Bankruptcy Court for the: _____ District of **Delaware**
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration__**Corporate Ownership Statement and List of Equity Security Holders**__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __**02/05/2023**__     ✖   __*/s/ Stephen Coulombe*__
        MM / DD / YYYY         Signature of individual signing on behalf of debtor

                         __**Stephen Coulombe**__
                         Printed name

                         __**Co-Chief Restructuring Officer**__
                         Position or relationship to debtor