## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| INDEPENDENT PET PARTNERS | ) |
| HOLDINGS, LLC, *et al.,*[1] | ) Case No. 23-10153 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

### GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Independent Pet Partners Holdings, LLC ("IPP") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases hereby submit their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On February 5, 2023 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under case number 23-10153 (LSS). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Independent Pet Partners Holdings, LLC (5913), Independent Pet Partners Intermediate Holdings I, LLC (4827), Independent Pet Partners Intermediate Holdings II, LLC (7550), Independent Pet Partners Employer Holdings, LLC (6785), Independent Pet Partners Employer, LLC (7531), Independent Pet Partners Intermediate Holdings, LLC (8793), IPP - Stores, LLC (6147), IPP Stores Employer, LLC (0847), Especially For Pets, LLC (6801), Pet Life, LLC (3420), Whole Pet Central, LLC (7833), Natural Pawz, LLC (5615), and Pet Source, LLC (1905). The corporate headquarters and the mailing address for the Debtors is 8450 City Centre Dr., Woodbury, MN 55125.

and Statements.  Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

These *Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## General Comments

***Reservation of Rights.***  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in the Schedules and Statements.

***Basis of Presentation.***  For financial reporting purposes, the Debtors historically have prepared consolidated financial statements at IPP.  The Debtors have not previously recorded financial performance on an entity-by-entity basis and therefore, do not have the ability to report financial results for each individual Debtor.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed on an intermittent basis (to the extent applicable).  It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.  The Schedules and Statements have been signed by Stephen Coulombe, Co-Chief Restructuring Officer of IPP.  In reviewing and signing the Schedules and Statements, Mr. Coulombe necessarily relied upon the efforts, statements and representations of the Debtors' accounting and non-accounting personnel who report to, or work with, Mr. Coulombe, either directly or indirectly.  Mr. Coulombe has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

***Date of Valuations.***  Except as otherwise noted in the Schedules and Statements, all liabilities, as well as cash on hand, bank accounts, inventory and vendor debit balances, are valued as of the Petition Date. All other assets are valued as of January 28, 2023 unless noted otherwise, the end of the Debtors' 2022 fiscal year.  All values are stated in United States currency.  The Debtors made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances.**

**Book Value.** Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including intangible assets, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

**Re-characterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, re-categorize, re-designate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

**Property and Equipment.** Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from either (i) three to fifteen years or (ii) the remaining lease life with respect to each store location where the assets are placed in service, whichever is less.

**Causes of Action.** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Materialman's/Mechanic's Liens.** The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

**Litigation.** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

***Application of Vendor Credits.***  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors (the "Vendor Credits").  The Vendor Credits arise because, among other matters,  (i) materials delivered may be damaged or unusable and, (ii) vendor provided volume rebates or promotional discounts.  Certain of the Vendor Credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights with respect to such credits and allowances.

***Claims.***  IPP's Schedule lists creditors and sets forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.

The Debtors intentionally have not included "non-cash" accruals, i.e. accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

Pursuant to various "first day" orders entered by the Court (the "First Day Orders"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, claims of vendors, claims related to customer programs, and claims related to insurance programs.  Accordingly, the claims listed on the Schedules reflect the current amount of such claims as of the Petition Date, net of (i) any payments made pursuant to authority granted by a First Day Order or (ii) Vendor Credits.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," "or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired nonresidential real property leases that may or may not be rejected, to the extent such damage claims exist.

***Employee Claims.***  The Bankruptcy Court entered a final order granting authority, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations.  With the exception of any prepetition severance and certain unused vacation obligations, as applicable, the Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the

ordinary course of business and, therefore, the Schedules and Statements do not include such claims.

***Reporting Policies***.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent that there are unknown or undetermined amounts, the actual total may be different than the listed total.

## Schedules of Assets and Liabilities

### Schedule A/B – Real and Personal Property

<u>Item 1a.</u>  The Debtors do not own any real property.  In response to this question, the Debtors have listed all leasehold interests for nonresidential real property leases as of the Petition Date which, in part, reflects leases for which the Debtors had surrendered underlying premises prior to the commencement of these chapter 11 cases.  The Debtors' leasehold improvements are listed in response to Item 41.

<u>Items 2 and 3 – Cash on Hand and Checking, Savings, Money Market, or Financial Brokerage Accounts</u>.  The numbers listed in Items 2 and 3 are based on the Debtors' books and records and reflect the balance sheet representation of the amounts held in the Debtors' bank accounts as of February 5, 2023.  While certain bank accounts may be duplicated across the Schedules for each of the Debtors, the value of the cash held in each bank account is listed in the Schedules for IPP.

<u>Item 7</u>.  The Bankruptcy Court authorized the establishment of an adequate assurance account for payment of postpetition utility services, if needed.  Such deposit is not listed in response to Item 7, which is prepared as of the Petition Date.

Additionally, the Debtors have made their best efforts to list separately all security deposits in response to Item 7.  However, certain security deposits related to stores that the Debtors acquired in connection with certain transactions were recorded on the Debtors' books and records as an aggregated initial opening balance at the time of the acquisition, and cannot be broken out on a store-by-store basis.

<u>Item 11 – Accounts Receivable</u>.  The accounts receivable information listed on Schedule A/B include outstanding vendor credits, credit card float, and rebates.  The Debtors include vendor credits and rebates in accounts receivable until the vendors submit a revised invoice to the Debtors re-allocating the credit or invoice to past or future orders.  The Debtors have also included amounts that may be uncollectible.  The Debtors are unable to determine with complete certainty what amounts will actually be collected.

<u>Item 21 - Finished Goods, Including Goods Held for Resale</u>.  Inventory is shown as of the Petition Date and is shown based on the weighted average cost of inventory at each location.  Inventory balances are based on the Debtors POS system.

<u>Item 55 – Owned or Leased Real Property</u>.  Item 54 lists the Debtors' leasehold interests, as of the Petition Date, including those leases for which stores were unequivocally surrendered to landlords after the Petition Date.

<u>Items 59-65 – Intangibles and Intellectual Property</u>.  Except where noted, the Debtors do not have official appraisals for items listed in Part 10.  Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

<u>Items 74 and 75 – Causes of Action and Other Claims</u>.  Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

## Schedule D – Creditors Holding Claims Secured by Property

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included.  All claims listed on Schedule D, however, were incurred before the Petition Date.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. To the extent one Debtor is a guarantor with respect to the debts of another Debtor, such claims have been listed on the guarantor-Debtor's Schedule D for informational purposes.

## Schedule E/F – Creditors Holding Unsecured Claims

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule

E/F Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

As noted above, the Bankruptcy Court has authorized, but not directed, the Debtors to, among other matters, pay certain prepetition wages, salaries, employee benefits, and other obligations up to the statutory cap of $15,150. To the extent that any employees have been paid or will be paid in accordance with the Bankruptcy Court's order, they have not been listed.

The Debtors used reasonable efforts to assign address information to potential claimants identified in Schedule F. However, where unknown, this address information has not been provided. The Debtors will continue to use reasonable efforts to locate contact information for these parties.

Item 4 – Others to Be Notified. The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' chapter 11 cases and are not separately listed in Item 4.

**Schedule G – Executory Contracts and Unexpired Leases**

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

The Debtors have not identified the term date for contracts, agreements, or leases listed on Schedule G. Given the limited resources at the Debtors' disposal when preparing the Schedules and Statements, the Debtors determined that completing this field would not be cost efficient or useful to parties reviewing the Schedules and Statements.

Purchase orders outstanding as of the Petition Date are not listed in Schedule G.

**Schedule H – Co-Debtors**

For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.

**<u>Statements of Financial Affairs</u>**

<u>Question 1 – Gross Revenue from Business</u>. As is customary in the retail industry, sales are reflected net of returns and allowances, coupons, discounts, shipping and handling, and sales tax.

<u>Question 3 – Payments to Creditors Within 90 Days of Petition Date</u>. The Debtors have listed all payments made to creditors in the 90 days prior to the Petition Date on an individual payment basis, and have not aggregated payments by unique creditor. The data is presented in alphabetical order by vendor name.

Question 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement Question 4), employees, and bankruptcy professionals (which payments appear in response to Question 11 and include any retainers paid to bankruptcy professionals). All disbursements listed in response to Question 3 were made through the Debtors' cash management system.

<u>Question 4 – Payments or other Transfers of Property Made Within One Year Before Filing That Benefitted any Insider</u>. Solely for purposes of these Schedules and Statements, the Debtors define "insiders' to include the following: (a) managing members; (b) senior level officers; (c) significant equity holders and/or their affiliates; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

The Debtors have listed the corporate headquarters' address, in effect as of the Petition Date, for each of the Debtors' officers.

The listing of a party as an Insider in the Schedules and Statements, however, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.

Question 7 – Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits.  The Debtors have identified "Case Title", in some instances, by the applicable plaintiff's name.  The Debtors used reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto.  In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question 7, the Debtors will use reasonable efforts to supplement the Statements in light thereof.

Question 10 – Losses.  The Debtors occasionally incurred losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes.  Accordingly, in this context, the Debtors have not listed such losses.

Question 11 – Payments Related to Bankruptcy.  The Debtors use a centralized cash management system whereby all disbursements are made by IPP.  As a result, payments related to bankruptcy are reflected on the Statements of IPP only, but were made on behalf of all of the Debtors.

Question 14 – Previous Addresses.  Due to the voluminous nature of the Debtors' store base and the undue burden involved in identifying and documenting all changes to store addresses over the last three years, the Debtors have not included store addresses in IPP's statement.

Question 26 – Books, Records and Financial Statements.

Question 26b: Deloitte provided audit services to the Debtors through the fiscal year 2021 audit and is planned to perform the Debtors fiscal year 2022 audit.

Question 26d: From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included financial institutions, investment banks, vendors, debtholders, and their legal and financial advisors.  Due to the confidentiality requirements of the non-disclosure agreements, such parties are not listed in response to this question.

Question 28: The Debtors have listed their majority equity holder in response to Question 28. Other equity holders have only nominal equity interests in IPP.  Further, the Debtors maintain a program through which certain employees and other service providers are awarded, subject to various vesting terms, profit-based equity interests in Debtor Independent Pet Partners Holdings, LLC in exchange for services provided (or anticipated to be provided) to or for the benefit of the Debtors. Holders of such profit-based equity interests have not been listed in response to Question 28.

Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.  The Debtors have included a response to Question 30 in Statement Question 4.

| Debtor Name | **Pet Source, LLC** |
|---|---|
| **United States Bankruptcy Court for the District of Delaware** | |
| Case number (if known): | **23-10165** |

☐ Check if this is an
amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:**    Summary of Assets

---

*1. Schedule A/B: Assets - Real and Personal Property*    (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*....................................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*................................................................................

$0.00

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*...................................................................................

$0.00

---

**Part 2:**    Summary of Liabilities

---

2.    *Schedule D: Creditors Who Have Claims Secured by Property*    (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D...........................

$111,442,419.28

3.    *Schedule E/F: Creditors Who Have Unsecured Claims*    (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*..............................................

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......................................

**+** $0.00

4.    **Total liabilities** ...................................................................................................
Lines 2 + 3a + 3b

$111,442,419.28

| Debtor Name | **Pet Source, LLC** |
| --- | --- |
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **23-10165** |

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206G).

Be complete and accurate as possible.  If more space is needed, attach a separate spreadsheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

| **Part 1:** | **Cash and cash equivalents** |
| --- | --- |

1.    **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of
debtor's interest**

2.    **Cash on hand**

3.    **Checking, savings, money market, or financial brokerage accounts**

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1 | Bank of America<br>333 Hope St, 24th Flr<br>Los Angeles, CA 90071 | Deposit | *3091 | Cash value recorded at Independent Pet Partners Holdings, LLC |
| 3.2 | Bank of America<br>333 Hope St, 24th Flr<br>Los Angeles, CA 90071 | Clearing (zero based account) | *3088 | Cash value recorded at Independent Pet Partners Holdings, LLC |

4.    **Other cash equivalents**

5.    **Total of Part 1**
      Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

Debtor  Pet Source, LLC                                      Case Number (if known) 23-10165

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

9.  **Total of Part 2**
    Add lines 7 through 8.  Copy the total to line 81.

| Part 3: | Accounts Receivable |
|---------|---------------------|

10.  **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11.  **Accounts receivable**

11a. 90 days old or less:  _____  -  _____  =
                          face amount          doubtful or uncollectible accounts

11b. Over 90 days old:    _____  -  _____  =
                          face amount          doubtful or uncollectible accounts

12.  **Total of Part 3**
    Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

Debtor  Pet Source, LLC                                      Case Number (if known) 23-10165

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds of publicly traded stocks not included in Part 1**
Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                              % of ownership:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

| Part 5: | Inventory, excluding agricultural assets |
|---|---|

18. **Does the debtor own any inventory (excluding agricultual assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw Materials**

20. **Work in progress**

Debtor  Pet Source, LLC                                                    Case Number (if known) 23-10165

21.  **Finished goods, including goods held for resale**

22.  **Other inventory or supplies**

23.  **Total of Part 5**
     Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

     ☐ No.
     ☐ Yes.

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

     ☐ No.
     ☐ Yes.      Book Value $ _____      Valuation Method _____      Current Value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

     ☑ No. Go to Part 7.
     ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|

Debtor  Pet Source, LLC                                    Case Number (if known) 23-10165

28. **Crops - either planted of harvested**

29. **Farm animals**
    Examples: Livestock, poultry, farm-raised fish

30. **Farm machinery and equipment**
    (Other than titled motor vehicles)

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

Debtor  Pet Source, LLC                                             Case Number (if known) 23-10165

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

     ☐ No.

     ☐ Yes.

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

     ☐ No.

     ☐ Yes.

**Part 7:**     **Office furniture, fixtures, and equipment; and collectibles**

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

     ☑ No. Go to Part 8.

     ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 40.  **Office fixtures** | | | |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42.  **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43.  **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

Debtor  Pet Source, LLC                                      Case Number (if known) 23-10165

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.  **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles** | | | |
| 48.  **Watercraft, trailers, motors, and related accessories**<br>Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels | | | |
| 49.  **Aircraft and accessories** | | | |
| 50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.

Debtor  Pet Source, LLC                                    Case Number (if known) 23-10165

**52.  Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

**53.  Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 9: | Real property |
|---------|---------------|

**54.  Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55.  Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  Linear Retail Salem #1 LLC<br>117 Great Rd<br>Stow, MA 01775 | Lease | Undetermined | Net Book Value | Undetermined |

**56.  Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☑ Yes.

Debtor  Pet Source, LLC                                    Case Number (if known) 23-10165

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

    ☑ No.

    ☐ Yes.

| Part 10: | Intangibles and intellectual property |
| --- | --- |

59. **Does the debtor have any interests in intangibles or intellectual property?**

    ☐ No. Go to Part 11.

    ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 60. **Patents, copyrights, trademarks, or trade secrets** | | | |
| 60.1    PET Source Logo | Undetermined | Net Book Value | Undetermined |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

Debtor  Pet Source, LLC                                          Case Number (if known) 23-10165

66. **Total of Part 10.**
    Add lines 60 through 65.  Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers?**

    ☐ No.
    ☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

    ☐ No.
    ☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

    ☑ No. Go to Part 12.
    ☐ Yes. Fill in the information below.

                                                                              **Current value of
                                                                              debtor's interest**

71. **Notes receivable**
    Description (include name of obligor)

    _____  -  _____  =
           Total face amount          Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

Debtor  Pet Source, LLC                                         Case Number (if known) 23-10165

73.  **Interests in insurance policies or annuities**

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

     **Nature of claim**

     **Amount Requested**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

     **Nature of claim**

     **Amount Requested**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed**
     Examples: Season tickets, country club membership

78.  **Total of Part 11.**
     Add lines 71 through 77.  Copy the total to line 90.

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

Debtor  Pet Source, LLC                                Case Number (if known) 23-10165

| Part 12: | Summary |
| --- | --- |

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.**  *Copy line 5, Part 1.* | | |
| 81. **Deposits and prepayments.**  *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.**  *Copy line 12, Part 3.* | | |
| 83. **Investments.**  *Copy line 17, Part 4.* | | |
| 84. **Inventory.**  *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.**  *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.**  *Copy line 51, Part 8.* | | |
| 88. **Real Property.**  *Copy line 56, Part 9.* | | |
| 89. **Intangibles and intellectual property.**  *Copy line 66, Part 10.* | | |
| 90. **All other assets.**  *Copy line 78, Part 11.* | | |
| 91. **Total.**  Add lines 80 through 90 for each column. | 91a. $0.00 | **+** 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92 .......... | | $0.00 |

| Debtor Name | **Pet Source, LLC** | ☐ Check if this is an amended filing |
|---|---|---|

**United States Bankruptcy Court for the  District of Delaware**

Case number (if known):     **23-10165**

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | **Amount of Claim**<br>Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|---|

**2.1**

Creditor's name

**ACQUIOM AGENCY SERVICES, AS AGENT**

Creditor's mailing address

**150 S 5TH ST, STE 2600
MINNEAPOLIS, MN 55402**

Creditor's email address, if known

Date debt was incurred

Last four digits of account number

Do multiple creditors have an interest in the same property?

☑ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

☑ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes.  The relative priority of creditors is specified on lines

Describe debtor's property that is subject to a lien

**LIEN ON SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

Describe the lien

Priming Facility

Is the creditor an insider or related party?

☑ No

☐ Yes

Is anyone else liable on this claim?

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:

☐ Contingent

☐ Unliquidated

☐ Disputed

**$9,195,481.69** — **Undetermined**

**2.2**

Creditor's name

**ACQUIOM AGENCY SERVICES, AS AGENT**

Creditor's mailing address

**150 S 5TH ST, STE 2600
MINNEAPOLIS, MN 55402**

Creditor's email address, if known

Date debt was incurred

Last four digits of account number

Do multiple creditors have an interest in the same property?

☑ No

☐ Yes. Have you already specified the relative priority?

☑ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes.  The relative priority of creditors is specified on lines

Describe debtor's property that is subject to a lien

**LIEN ON SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS INCLUDING ALL INVENTORY, RECEIVABLES AND CASH**

Describe the lien

Asset Based Lending Facility

Is the creditor an insider or related party?

☑ No

☐ Yes

Is anyone else liable on this claim?

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:

☐ Contingent

☐ Unliquidated

☐ Disputed

**$17,700,416.74** — **Undetermined**

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$111,442,419.28

| Debtor Name | **Pet Source, LLC** | Case number (if known): **23-10165** |
|---|---|---|

| **Part 1:** | **Additional Page(s)** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | | Amount of Claim<br>Do not deduct the<br>value of collateral | Value of collateral<br>that supports this<br>claim |

**2.3**

**Creditor's name**

WILMINGTON TRUST, NA, AS AGENT

**Creditor's mailing address**

50 S 6TH ST, STE 1290
MINNEAPOLIS, MN 55402

**Creditor's email address, if known**

**Date debt was incurred**

**Last four digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

☑ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes.  The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

LIEN ON SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS                    $84,546,520.85                    Undetermined

**Describe the lien**

Delayed Draw Term Loan Facility

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

☐ Contingent

☐ Unliquidated

☐ Disputed

| Debtor Name | **Pet Source, LLC** |
|---|---|

**United States Bankruptcy Court for the  District of Delaware**

| Case number (if known): | **23-10165** |
|---|---|

☐ Check if this is an
amended filing

<u>Official Form 206E/F</u>

## Schedule E/F - Creditors Who Have Claims Unsecured Claims

**12/15**

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☒ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**    If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

**2.1**   **Priority creditor's name and mailing address**

As of the petition filing date, the claim is:     $_____          $_____

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**  11 U.S.C. § 507(a) (          )

| Debtor Name | **Pet Source, LLC** | Case number (if known): **23-10165** |

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

**Amount of claim**

**3.1** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No
☐ Yes

| Debtor Name | **Pet Source, LLC** | Case Number (if known): **23-10165** |

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| **Name and mailing address** | **On which line in Part1 or Part 2 is the related creditor (if any) listed?** | **Last 4 digits of account number, if any** |

Debtor Name   **Pet Source, LLC**                                    Case number (if known): **23-10165**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                                                   $0.00

**5b. Total claims from Part 2**                                                   $0.00

**5c. Total claims of Parts 1 and 2**
   Lines 5a + 5b = 5c                                                               $0.00

| Debtor Name | **Pet Source, LLC** |
|---|---|
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **23-10165** |

☐ Check if this is an amended filing

<u>Official Form 206G</u>
## Schedule G: Executory Contracts and Unexpired Leases
**12/15**

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| | | | |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | LEASE | LINEAR RETAIL SALEM 1 LLC<br>C/O LINEAR RETAIL PROPERTIES LLC<br>5 BURLINGTON WOODS DR<br>BURLINGTON, MA 01803 |
| | State the term remaining | 3/31/2027 | |
| | List the contract number of any government contract | | |

| Debtor Name | **Pet Source, LLC** |
|---|---|

**United States Bankruptcy Court for the  District of Delaware**

Case number (if known):      **23-10165**

☐ Check if this is an amended filing

Official Form 206H
## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**    Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

**Column 1: Codebtor**

**Column 2: Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply |
|---|---|---|---|---|
| 2.1 | ESPECIALLY FOR PETS, LLC | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☒ D ☐ E/F ☐ G |
| 2.2 | ESPECIALLY FOR PETS, LLC | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☒ D ☐ E/F ☐ G |
| 2.3 | ESPECIALLY FOR PETS, LLC | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Wilmington Trust, NA, as Agent | ☒ D ☐ E/F ☐ G |
| 2.4 | INDEPENDENT PET PARTNERS EMPLOYER HOLDINGS, | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☒ D ☐ E/F ☐ G |
| 2.5 | INDEPENDENT PET PARTNERS EMPLOYER HOLDINGS, | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☒ D ☐ E/F ☐ G |

| Debtor Name | **Pet Source, LLC** | Case number (if known): **23-10165** |
|---|---|---|

## Additional Page(s) if Debtor has More Codebtors

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** Mailing Address | | **Name** | *Check all schedules that apply* |
| 2.6 **INDEPENDENT PET PARTNERS EMPLOYER HOLDINGS,** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Wilmington Trust, NA, as Agent | ☑ D ☐ E/F ☐ G |
| 2.7 **INDEPENDENT PET PARTNERS EMPLOYER, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.8 **INDEPENDENT PET PARTNERS EMPLOYER, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.9 **INDEPENDENT PET PARTNERS EMPLOYER, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Wilmington Trust, NA, as Agent | ☑ D ☐ E/F ☐ G |
| 2.10 **INDEPENDENT PET PARTNERS HOLDINGS, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.11 **INDEPENDENT PET PARTNERS HOLDINGS, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.12 **INDEPENDENT PET PARTNERS HOLDINGS, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Wilmington Trust, NA, as Agent | ☑ D ☐ E/F ☐ G |
| 2.13 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLD I** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |

Debtor Name    **Pet Source, LLC**                                      Case number (if known): **23-10165**

███ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.14 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLD I** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.15 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLD I** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Wilmington Trust, NA, as Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.16 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLD II** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.17 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLD II** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.18 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLD II** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Wilmington Trust, NA, as Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.19 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLDING** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.20 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLDING** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.21 **INDEPENDENT PET PARTNERS INTERMEDIATE HOLDING** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Wilmington Trust, NA, as Agent | ☑ D<br>☐ E/F<br>☐ G |

Debtor Name    **Pet Source, LLC**                                    Case number (if known): **23-10165**

<hr>

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | | Column 2: Creditor | |
|---|---|---|---|---|
| **Name** | **Mailing Address** | | **Name** | *Check all schedules that apply* |
| 2.22 **IPP - STORES, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.23 **IPP - STORES, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.24 **IPP - STORES, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Wilmington Trust, NA, as Agent | ☑ D ☐ E/F ☐ G |
| 2.25 **IPP STORES EMPLOYER, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.26 **IPP STORES EMPLOYER, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.27 **IPP STORES EMPLOYER, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Wilmington Trust, NA, as Agent | ☑ D ☐ E/F ☐ G |
| 2.28 **NATURAL PAWZ, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |
| 2.29 **NATURAL PAWZ, LLC** | 8450 CITY CENTRE DR WOODBURY, MN 55125 | | Acquiom Agency Services, as Agent | ☑ D ☐ E/F ☐ G |

Debtor Name     **Pet Source, LLC**                        Case number (if known): **23-10165**

▌ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | Mailing Address | **Name** | *Check all schedules that apply* |
| 2.30  **NATURAL PAWZ, LLC** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Wilmington Trust, NA, as Agent | ☑ D  ☐ E/F  ☐ G |
| 2.31  **PET LIFE, LLC** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D  ☐ E/F  ☐ G |
| 2.32  **PET LIFE, LLC** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D  ☐ E/F  ☐ G |
| 2.33  **PET LIFE, LLC** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Wilmington Trust, NA, as Agent | ☑ D  ☐ E/F  ☐ G |
| 2.34  **WHOLE PET CENTRAL, LLC** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D  ☐ E/F  ☐ G |
| 2.35  **WHOLE PET CENTRAL, LLC** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Acquiom Agency Services, as Agent | ☑ D  ☐ E/F  ☐ G |
| 2.36  **WHOLE PET CENTRAL, LLC** | **8450 CITY CENTRE DR WOODBURY, MN 55125** | Wilmington Trust, NA, as Agent | ☑ D  ☐ E/F  ☐ G |

| | |
|---|---|
| **Debtor Name** | Pet Source, LLC |
| **United States Bankruptcy Court for the  District of Delaware** | |
| **Case Number:** | 23-10165 |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C.  152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*    (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*    (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*    (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*    (Official Form 206 G)

☑ *Schedule H: Codebtors*    (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*    (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I, the Co-Chief Restructuring Officer of the Pet Source, LLC, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 26 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on:  3/3/2023
          MM / DD / YYYY

Signature _____ /s/ Stephen Coulombe _____

                Stephen Coulombe
Printed Name

                Co-Chief Restructuring Officer
Title