**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| INDEPENDENT PET PARTNERS | ) |
| HOLDINGS, LLC, *et al.*,[1] | ) Case No. 23-10153 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Independent Pet Partners Holdings, LLC ("IPP") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases hereby submit their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On February 5, 2023 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under case number 23-10153 (LSS). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Independent Pet Partners Holdings, LLC (5913), Independent Pet Partners Intermediate Holdings I, LLC (4827), Independent Pet Partners Intermediate Holdings II, LLC (7550), Independent Pet Partners Employer Holdings, LLC (6785), Independent Pet Partners Employer, LLC (7531), Independent Pet Partners Intermediate Holdings, LLC (8793), IPP - Stores, LLC (6147), IPP Stores Employer, LLC (0847), Especially For Pets, LLC (6801), Pet Life, LLC (3420), Whole Pet Central, LLC (7833), Natural Pawz, LLC (5615), and Pet Source, LLC (1905). The corporate headquarters and the mailing address for the Debtors is 8450 City Centre Dr., Woodbury, MN 55125.

30168133.2

and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

These *Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

**General Comments**

***Reservation of Rights.*** The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in the Schedules and Statements.

***Basis of Presentation.*** For financial reporting purposes, the Debtors historically have prepared consolidated financial statements at IPP. The Debtors have not previously recorded financial performance on an entity-by-entity basis and therefore, do not have the ability to report financial results for each individual Debtor. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed on an intermittent basis (to the extent applicable). It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses. The Schedules and Statements have been signed by Stephen Coulombe, Co-Chief Restructuring Officer of IPP. In reviewing and signing the Schedules and Statements, Mr. Coulombe necessarily relied upon the efforts, statements and representations of the Debtors' accounting and non-accounting personnel who report to, or work with, Mr. Coulombe, either directly or indirectly. Mr. Coulombe has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

***Date of Valuations.*** Except as otherwise noted in the Schedules and Statements, all liabilities, as well as cash on hand, bank accounts, inventory and vendor debit balances, are valued as of the Petition Date. All other assets are valued as of January 28, 2023 unless noted otherwise, the end of the Debtors' 2022 fiscal year. All values are stated in United States currency. The Debtors made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances.**

***Book Value.*** Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including intangible assets, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

***Re-characterization.*** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, re-categorize, re-designate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

***Property and Equipment.*** Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from either (i) three to fifteen years or (ii) the remaining lease life with respect to each store location where the assets are placed in service, whichever is less.

***Causes of Action.*** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

***Materialman's/Mechanic's Liens.*** The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

***Litigation.*** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

*Application of Vendor Credits.* In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors (the "Vendor Credits"). The Vendor Credits arise because, among other matters, (i) materials delivered may be damaged or unusable and, (ii) vendor provided volume rebates or promotional discounts. Certain of the Vendor Credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to such credits and allowances.

*Claims.* IPP's Schedule lists creditors and sets forth the Debtors' estimate of the claims of creditors as of the Petition Date. The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced. By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.

The Debtors intentionally have not included "non-cash" accruals, i.e. accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

Pursuant to various "first day" orders entered by the Court (the "First Day Orders"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, claims of vendors, claims related to customer programs, and claims related to insurance programs. Accordingly, the claims listed on the Schedules reflect the current amount of such claims as of the Petition Date, net of (i) any payments made pursuant to authority granted by a First Day Order or (ii) Vendor Credits.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," "or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired nonresidential real property leases that may or may not be rejected, to the extent such damage claims exist.

*Employee Claims.* The Bankruptcy Court entered a final order granting authority, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations. With the exception of any prepetition severance and certain unused vacation obligations, as applicable, the Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the

ordinary course of business and, therefore, the Schedules and Statements do not include such claims.

*Reporting Policies*.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent that there are unknown or undetermined amounts, the actual total may be different than the listed total.

**Schedules of Assets and Liabilities**

**Schedule A/B – Real and Personal Property**

Item 1a.  The Debtors do not own any real property.  In response to this question, the Debtors have listed all leasehold interests for nonresidential real property leases as of the Petition Date which, in part, reflects leases for which the Debtors had surrendered underlying premises prior to the commencement of these chapter 11 cases.  The Debtors' leasehold improvements are listed in response to Item 41.

Items 2 and 3 – Cash on Hand and Checking, Savings, Money Market, or Financial Brokerage Accounts.  The numbers listed in Items 2 and 3 are based on the Debtors' books and records and reflect the balance sheet representation of the amounts held in the Debtors' bank accounts as of February 5, 2023.  While certain bank accounts may be duplicated across the Schedules for each of the Debtors, the value of the cash held in each bank account is listed in the Schedules for IPP.

Item 7.  The Bankruptcy Court authorized the establishment of an adequate assurance account for payment of postpetition utility services, if needed.  Such deposit is not listed in response to Item 7, which is prepared as of the Petition Date.

Additionally, the Debtors have made their best efforts to list separately all security deposits in response to Item 7.  However, certain security deposits related to stores that the Debtors acquired in connection with certain transactions were recorded on the Debtors' books and records as an aggregated initial opening balance at the time of the acquisition, and cannot be broken out on a store-by-store basis.

Item 11 – Accounts Receivable.  The accounts receivable information listed on Schedule A/B include outstanding vendor credits, credit card float, and rebates.  The Debtors include vendor credits and rebates in accounts receivable until the vendors submit a revised invoice to the Debtors re-allocating the credit or invoice to past or future orders.  The Debtors have also included amounts that may be uncollectible.  The Debtors are unable to determine with complete certainty what amounts will actually be collected.

Item 21 - Finished Goods, Including Goods Held for Resale.  Inventory is shown as of the Petition Date and is shown based on the weighted average cost of inventory at each location.  Inventory balances are based on the Debtors POS system.

Item 55 – Owned or Leased Real Property.  Item 54 lists the Debtors' leasehold interests, as of the Petition Date, including those leases for which stores were unequivocally surrendered to landlords after the Petition Date.

<u>Items 59-65 – Intangibles and Intellectual Property</u>.  Except where noted, the Debtors do not have official appraisals for items listed in Part 10.  Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

<u>Items 74 and 75 – Causes of Action and Other Claims</u>.  Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D – Creditors Holding Claims Secured by Property**

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included.  All claims listed on Schedule D, however, were incurred before the Petition Date.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors.  To the extent one Debtor is a guarantor with respect to the debts of another Debtor, such claims have been listed on the guarantor-Debtor's Schedule D for informational purposes.

**Schedule E/F – Creditors Holding Unsecured Claims**

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule

E/F Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

As noted above, the Bankruptcy Court has authorized, but not directed, the Debtors to, among other matters, pay certain prepetition wages, salaries, employee benefits, and other obligations up to the statutory cap of $15,150. To the extent that any employees have been paid or will be paid in accordance with the Bankruptcy Court's order, they have not been listed.

The Debtors used reasonable efforts to assign address information to potential claimants identified in Schedule F. However, where unknown, this address information has not been provided. The Debtors will continue to use reasonable efforts to locate contact information for these parties.

Item 4 – Others to Be Notified. The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' chapter 11 cases and are not separately listed in Item 4.

**Schedule G – Executory Contracts and Unexpired Leases**

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

The Debtors have not identified the term date for contracts, agreements, or leases listed on Schedule G. Given the limited resources at the Debtors' disposal when preparing the Schedules and Statements, the Debtors determined that completing this field would not be cost efficient or useful to parties reviewing the Schedules and Statements.

Purchase orders outstanding as of the Petition Date are not listed in Schedule G.

**Schedule H – Co-Debtors**

For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.

**Statements of Financial Affairs**

<u>Question 1 – Gross Revenue from Business</u>. As is customary in the retail industry, sales are reflected net of returns and allowances, coupons, discounts, shipping and handling, and sales tax.

<u>Question 3 – Payments to Creditors Within 90 Days of Petition Date</u>. The Debtors have listed all payments made to creditors in the 90 days prior to the Petition Date on an individual payment basis, and have not aggregated payments by unique creditor. The data is presented in alphabetical order by vendor name.

Question 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement Question 4), employees, and bankruptcy professionals (which payments appear in response to Question 11 and include any retainers paid to bankruptcy professionals). All disbursements listed in response to Question 3 were made through the Debtors' cash management system.

<u>Question 4 – Payments or other Transfers of Property Made Within One Year Before Filing That Benefitted any Insider</u>. Solely for purposes of these Schedules and Statements, the Debtors define "insiders" to include the following: (a) managing members; (b) senior level officers; (c) significant equity holders and/or their affiliates; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

The Debtors have listed the corporate headquarters' address, in effect as of the Petition Date, for each of the Debtors' officers.

The listing of a party as an Insider in the Schedules and Statements, however, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.

Question 7 – Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits. The Debtors have identified "Case Title", in some instances, by the applicable plaintiff's name. The Debtors used reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto. In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question 7, the Debtors will use reasonable efforts to supplement the Statements in light thereof.

Question 10 – Losses. The Debtors occasionally incurred losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes. Accordingly, in this context, the Debtors have not listed such losses.

Question 11 – Payments Related to Bankruptcy. The Debtors use a centralized cash management system whereby all disbursements are made by IPP. As a result, payments related to bankruptcy are reflected on the Statements of IPP only, but were made on behalf of all of the Debtors.

Question 14 – Previous Addresses. Due to the voluminous nature of the Debtors' store base and the undue burden involved in identifying and documenting all changes to store addresses over the last three years, the Debtors have not included store addresses in IPP's statement.

Question 26 – Books, Records and Financial Statements.

> Question 26b: Deloitte provided audit services to the Debtors through the fiscal year 2021 audit and is planned to perform the Debtors fiscal year 2022 audit.

> Question 26d: From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included financial institutions, investment banks, vendors, debtholders, and their legal and financial advisors. Due to the confidentiality requirements of the non-disclosure agreements, such parties are not listed in response to this question.

Question 28: The Debtors have listed their majority equity holder in response to Question 28. Other equity holders have only nominal equity interests in IPP. Further, the Debtors maintain a program through which certain employees and other service providers are awarded, subject to various vesting terms, profit-based equity interests in Debtor Independent Pet Partners Holdings, LLC in exchange for services provided (or anticipated to be provided) to or for the benefit of the Debtors. Holders of such profit-based equity interests have not been listed in response to Question 28.

Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders. The Debtors have included a response to Question 30 in Statement Question 4.

| | |
|---|---|
| Debtor Name | **Pet Source, LLC** |
| **United States Bankruptcy Court for the** | **District of Delaware** |
| Case number (if known): | **23-10165** |

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:    Income

**1. Gross Revenue from business**

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of Revenue | Gross Revenue (before deductions and exclusions) |
|---|---|---|

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | Description of sources of revenue | Gross Revenue from (before deductions and exclusions) |
|---|---|---|

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments of transfers - including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

[X] None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

[X] None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

[X] None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

[X] None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|

---

### Part 4: Certain Gifts and Charitable Contributions

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of gifts to that recipient is less than $1,000

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

### Part 5: Certain Losses

**10.** All losses from fire, theft, or other casualty within 1 year before filing this case.

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106 A/B (Schedule A/B: Assets - Real and Personal Property). | | |

---

### Part 6: Certain Payments of Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking

bankruptcy relief, or filing a bankruptcy case.

[X] None

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

[X] None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

[X] None

| Who received transfer? Address. | Description of property transferred or payments received or debts paid in exchange. | Date transfer was made | Total amount or value |
|---|---|---|---|

## Part 7: Previous Locations

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

[ ] Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1 | 756 Stillwater Road<br>St Paul, MN 55115 | 02/2019 - 03/2022 |

## Part 8: Health Care Bankruptcies

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or

Official Form 207                    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No   Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | Location where patient records are maintained | How are records kept?<br>☐ Electronically<br>☐ Paper |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No
☐ Yes. State the nature of the information collected and retained.

    Does the debtor have a privacy policy about that information?
    ☐ No
    ☐ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No   Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.
    ☐ Yes. Fill in below:

| Name of plan | Employer identification number of plan |
|---|---|
| | EIN: |

Has the plan been terminated?
☐ No
☐ Yes

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

[X] None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

Official Form 207     **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

☐ Checking
☐ Savings
☐ Money Market
☐ Brokerage
☐ Other

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

**X** None

| **Depository institution name and address** | **Names of anyone with access to it. Address** | **Description of contents** | **Does debtor still have it?** |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

**X** None

| **Facility name and address** | **Names of anyone with access to it. Address** | **Description of contents** | **Does debtor still have it?** |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

**Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

**X** None

| **Owner's name and address** | **Location of the property** | **Description of the property** | **Value** |
|---|---|---|---|
| | | | |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:
- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| | | | ☐ On appeal |
| Case number | | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

Official Form 207     **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name and address | Describe the nature of the business | Employer identification number. Dates business existed |
|---|---|---|

### 26. Books, records, and financial statements

**26a.** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1 | Chad Underwood<br>8450 City Centre Dr<br>Woodbury, MN 5512 | Mar 2022 - Present |
| 26a.2 | Julie Maday<br>8450 City Centre Dr<br>Woodbury, MN 5512 | April 2021 - Present |
| 26a.3 | Susan Wolf<br>8450 City Centre Dr<br>Woodbury, MN 5512 | June 2020 - April 2022 |
| 26a.4 | Ray Arthur (Contractor)<br>8450 City Centre Dr<br>Woodbury, MN 55125 | May 2020 - January 2021 |

**26b.** List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26b.1 | Deloitte<br>50 South 6th St, Ste 2800<br>Minneapolis, MN 55402 | Feb 2021 - Feb 2023 |
| 26b.2 | Grant Thornton<br>200 South 6th St, Ste 1400<br>Minneapolis, MN 55402 | Feb 2021 - Feb 2023 |

**26c.** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

**26d.** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

**Name and address**

Official Form 207                    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**Name and address of the person who has possession of inventory records**

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Julie Maday | 8450 City Centre Dr Woodbury, MN 55125 | Chief Executive Officer | 0% |
| 28.2 | Chad Underwood | 8450 City Centre Dr Woodbury, MN 55125 | Chief Financial Officer | 0% |
| 28.3 | Charlie Reeves | 2200 Powell St, Ste 1200 Emeryville, CA 94608 | Co-Chief Restructuring Officer | 0% |
| 28.4 | Stephen Coulombe | 2200 Powell St, Ste 1200 Emeryville, CA 94608 | Co-Chief Restructuring Officer | 0% |
| 28.5 | Jill Frizzley | 8450 City Centre Dr Woodbury, MN 55125 | Board Member | 0% |
| 28.6 | Tricia Nichols | 8450 City Centre Dr Woodbury, MN 55125 | Chief Marketing Officer | 0% |
| 28.7 | Paul Farber | 8450 City Centre Dr Woodbury, MN 55125 | Manager | 0% |
| 28.8 | Scott Gilbertson | 8450 City Centre Dr Woodbury, MN 55125 | Manager | 0% |
| 28.9 | Matthew Hobart | 8450 City Centre Dr Woodbury, MN 55125 | Manager | 0% |
| 28.10 | Independent Pet Partners Intermediate Holdings, LLC | 8450 City Centre Dr Woodbury, MN 55125 | Sole Member | 100% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| | Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | Jeffrey David | Address on File | Executive Chairman, Manager | Through Jan 30, 2023 |

Official Form 207     **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

| | | | | |
|---|---|---|---|---|
| 29.2 | Julie Maday | 8450 City Centre Dr<br>Woodbury, MN 55125 | Chief Financial Officer | Through Jan 30, 2023 |
| 29.3 | Chad Underwood | 8450 City Centre Dr<br>Woodbury, MN 55125 | Company Vice President, Corporate Controller | Through Jan 30, 2023 |
| 29.4 | Nick Meserve | Address on File | Manager | Through Jan 11, 2023 |
| 29.5 | Bridget Dolan | Address on File | Manager | Through Sept 2, 2022 |
| 29.6 | Brian Murphy | Address on File | Manager | Through Feb 3, 2023 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing this value |
|---|---|---|---|
| Relationship to debtor | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| | Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|---|
| 31.1 | Independent Pet Partners Holdings, LLC | 82-1975913 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer identification number of the pension fund |
|---|---|

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on.   3/3/2023
              MM / DD / YYYY

/s/ Stephen Coulombe                           Printed name   Stephen Coulombe
Signature of individual signing on behalf of the debtor

Position or relationship to the debtor   Co-Chief Restructuring Officer

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☐ No

☐ Yes

Official Form 207    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy